IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

A.L., and A.B., minors, by and through
Their Friend, Parent, and Guardian
James Daniel Luster                                                                  PLAINTIFFS

VS.                                                    CIVIL ACTION NO.: 1:18-CV-00076-LG-RHW

MISSISSIPPI DEPARTMENT OF CHILD
PROTECTION SERVICES, INVESTIGATOR
ANTHONY HOLIDAY, *ET AL.*                                                            DEFENDANTS

---

### ORDER GRANTING MOTION FOR LEAVE TO FILE
### TWO PHOTOGRAPHS OF MINOR PLAINTIFFS UNDER SEAL

---

**THIS MATTER** is before the Court on Defendant Anthony Holliday's [36] Motion for Leave to File Two Photographs of Minor Plaintiffs, A.L. and A.B., Under Seal, pursuant to L. U. Civ. R. 79, and the Court, having considered the submission, finds that granting the requested relief to submit two photographs of minor plaintiffs A.L. and A.B. under seal is supported by clear and compelling reasons, and that the requested relief is narrowly tailored under the circumstances.

"In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure." *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). "The common law right of access to judicial records is not absolute[.]" *Id.* "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "Nevertheless, a court

must use caution in exercising its discretion to place records under seal." *United States v. Holy Land Found. For Relief & Dev.*, 624 F.3d 685, 689 (5th Cir. 2010) (citation omitted).

The two photographs taken by Investigator Holliday would publically identify minor Plaintiffs A.L. and A.B in a manner which heretofore has not occurred in this litigation. The filing of the two photographs under seal is in accord and consistent with Rule 5.2 in protecting the identity of a minor plaintiffs A.L. and A.B. *See, e.g., Lindiment v. Jones*, 2017 WL 4119644 at *10 (M.D. N.C. September 15, 2017) (finding compelling interest in protecting the minors' privacy outweighs the public's right of access to these materials). *Id.*

The Court finds that if the two photographs of minor Plaintiffs A.L. and A.B. are not filed under seal, then the identity of the minor children will be readily known and available to the public via the CM/ECF system in a manner that has heretofore not occurred in this litigation. The Court finds that such would frustrate and defeat the purpose behind Rule 5.2(a)(3).

Also, the Court finds that no lesser alternative to sealing, such as redaction, would adequately protect the identity of A.L. and A.B. Moreover, only the two photographs of minor Plaintiffs A.L. and A.B. are to be sealed thus narrowly tailoring this sealing order to the compelling interest at stake in this matter.

**IT IS THEREFORE ORDERED** that Investigator Holliday's [36] Motion for Leave to File Two Photographs of Minor Plaintiffs Under Seal is **GRANTED**. Investigator Holliday shall file a Notice of Filing Under Seal with the Clerk of Court. Because Plaintiffs are proceeding *pro se* in this matter, the documents filed under seal shall be produced to plaintiffs.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 79(e)(3)(E), the two photographs of minors A.L. and A.B. to be filed under seal should remain sealed until such time as A.L. and A.B. reach the age of majority.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to maintain Anthony Holliday's Notice of Filing Under Seal and attached documents under seal and maintain those filings under seal until otherwise ordered by the Court.

**SO ORDERED AND ADJUDGED** this the 18th day of July, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge