# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| A.L. and A.B., minors, by and through their friend, parent, and guardian **James Daniel Luster** | **PLAINTIFFS** |
| v. | CAUSE NO. 1:18CV76-LG-RHW |
| **ANTHONY HOLLIDAY, ET AL.** | **DEFENDANTS** |

## ORDER GRANTING MOTIONS TO DISMISS

BEFORE THE COURT are the [22] Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim filed by Jess Dickinson, the [24] Motion to Dismiss filed by John Barnett and Glen East, and the [34] Motion for Summary Judgment filed by Anthony Holliday. These three motions address all of the plaintiffs' claims against all of the defendants, and each motion has been fully briefed. Additionally, Plaintiff Luster filed a [31] Motion to Provide Counsel, which is unopposed.

After due consideration of the submissions and the relevant law, it is the Court's opinion that this case presents no exceptional circumstances justifying court-appointed counsel. Luster's Motion for appointment of counsel will therefore be denied. However, Luster cannot represent the minor children A.L. and A.B. The Court elects to dismiss their claims pursuant to 42 U.S.C. §§ 1983 and 1985 without prejudice. Further, Luster's allegations do not give rise to valid claims of statutory or constitutional violations on his own behalf. As a result, the defendants are entitled to dismissal of Luster's 42 U.S.C. §§ 1983 and 1985 claims. Finally, the attempted 18 U.S.C. §§ 241 and 242 claims will be dismissed with prejudice as

legally frivolous in regard to all plaintiffs.

BACKGROUND

This lawsuit concerns Luster's objections to an investigation of child abuse conducted by the Mississippi Department of Child Protective Services (MDCPS). As part of the investigation, Defendant Holliday interviewed Luster's two daughters at their school, Anniston Avenue Elementary. Luster alleges that his daughters' constitutional rights were violated by school and MDCPS officials when Holliday interviewed and photographed the girls, unaccompanied, in a conference room at the school. Luster's claims are brought pursuant to 42 U.S.C. § 1983, alleging violation of Fourth and Fourteenth Amendment rights; 18 U.S.C. §§ 241 and 242; and 42 U.S.C. § 1985, alleging a conspiracy by the defendants to adopt an agreement that violated the Fourth and Fourteenth Amendments and certain school and MDCPS policies.

The named defendants are two City of Gulfport School District officials: Anniston Avenue Elementary principal John Barnett and Superintendent Glen East, and two MDCPS officials: Investigator Anthony Holliday and Commissioner Jess Dickinson. Because Luster also makes allegations of wrongful action by the agencies through the individual officials, the Court construes the Complaint to allege claims against the defendants in both their individual and official capacities. Luster seeks injunctive relief, and compensatory and punitive damages.

DISCUSSION

**Appointment of Counsel**

Luster requests that the Court provide him with counsel to pursue his claims. He argues that he is indigent, not educated in the law, and proceeding pro se. He contends that he will be prejudiced without counsel to assist with ensuring the integrity of the proceedings in this case.

Indigent litigants in federal civil rights cases generally possess no constitutional or statutory right to appointed counsel. *See Salmon v. Corpus Christi ISD*, 911 F.2d 1165, 1166 (5th Cir. 1990); *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). A trial court is not required to appoint counsel for an indigent party in a civil rights lawsuit unless the case presents truly exceptional circumstances. *See Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Good v. Allain*, 823 F.2d 64, 66 (5th Cir. 1987); *Feist v. Jefferson Cty. Comm'rs Court*, 778 F.2d 250, 253 (5th Cir. 1985).

Although no comprehensive definition of "exceptional circumstances" is practical, the existence of such circumstances will necessarily turn on two basic considerations: (1) the type and complexity of the case and (2) the abilities of the individual bringing it. *See Freeze*, 849 F.2d at 175; *Good*, 823 F.2d at 66; *Feist*, 778 F.2d at 253. The Fifth Circuit Court of Appeals has directed trial courts to consider whether the appointment of counsel would be of service not only to the plaintiff, but also possibly to the court and the defendant, through sharpening of issues, the

shaping of the examination and cross-examination of witnesses, and, thus the shortening of trial and assisting in a just determination. *See Cooper v. Sheriff, Lubbock Cty., Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991); *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986); *Feist*, 778 F.2d at 253. It is also appropriate for the court to consider whether the indigent plaintiff has demonstrated an inability to secure the assistance of private counsel, especially in view of the opportunity for a prevailing Section 1983 plaintiff to recover attorneys' fees. *See Cain*, 864 F.2d at 1242.

The Court is given considerable discretion in determining whether to appoint counsel. *Ulmer v. Chancellor*, 691 F.2d 209, 211 (5th Cir. 1982). As the discussion to follow explains, Luster's pleadings contain no novel points of law which would indicate the presence of "exceptional circumstances." Luster has demonstrated through his pleadings that he is able to communicate his position effectively. Accordingly, the Court finds no justification for appointment of counsel to pursue Luster's claims in this case.

**Representation of A.L. and A.B.**

The Court has endeavored to construe the allegations of the Complaint liberally and to separate Luster's claims from those of A.L. and A.B. It appears to the Court that Luster's allegations primarily concern purported violations of his minor daughters' rights. He only minimally alleges violation of his own constitutional rights.

Luster may conduct his own case personally, *see* 28 U.S.C. § 1654, but he can

not act as a representative of A.L. and A.B. One pro se person cannot represent another. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020-22 (5th Cir.1998). Therefore, a minor child generally cannot bring suit through a pro se next friend or guardian as A.L. and A.B. have done in this case. *Aduddle v. Body*, 277 F. App'x 459, 462 (5th Cir. May 7, 2008) (pro se guardian could not represent granddaughter); *Myers v. Loudon Cty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005); *Cheung v. Youth Orchestra Found., Inc.*, 906 F.2d 59, 62 (2d Cir. 1990); *Johns v. Cty. of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986). *But see, Harris ex rel. Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (pro se parent can represent child in a social security appeal because administrative rules allow it and the parent's interests are coextensive with the child's).

If a lawyer is not secured to bring suit on a minor's behalf, the complaint should be dismissed without prejudice so the minor may bring the action upon reaching the age of majority. *Johns*, 114 F.3d at 878. Because the Court has concluded that Luster's request for appointment of counsel should be denied, most of A.L. and A.B.'s claims will be dismissed without prejudice. However, since the Court finds below that the 18 U.S.C. §§ 241 and 242 claims are legally frivolous, those claims will be dismissed with prejudice.

**42 U.S.C. § 1983 Fourth and Fourteenth Amendment Claims**

The heart of Luster's Complaint are his allegations of the defendants' violation of his family's Fourth and Fourteenth Amendment protections. He

complains that Investigator Holliday frightened his wife by ringing their doorbell and "a five minute beating of the door to my home" on January 29, 2018. (Compl. 5 (¶13), ECF No. 1.) Luster's wife did not answer the door, but Luster later contacted Holliday through the information on the business card Holliday left. Holliday informed Luster that he was investigating an anonymous report of child abuse. (*Id.* at 5 (¶14), 7 (¶24).) Holliday told Luster he wanted to meet with the entire family just after three o'clock that afternoon at their residence. (*Id.* at 5 (¶13).) Unbeknownst to Luster, Holliday then went to Anniston Avenue Elementary School, where he photographed and interviewed each child separately and alone in a conference room at the school. (*Id.* at 5 (¶¶15, 17); 6 (¶¶18-22).) Holliday did not attend the scheduled meeting at Luster's residence later that afternoon, and there appears to have been no further investigation into the report of child abuse. (*Id.* at 7 (¶24).)

> Luster's claims center on the treatment of A.L. and A.B. He alleges that
>
> Gulfport School District agents and MS Department of Child Protective Services agents willfully and knowingly violated the Plaintiffs right to familial relations by conducting and allowing custodial interviews of minor children A.L. and A.B. without notifying or obtaining the consent of either parents and by targeting Plaintiff as a child abuser.

(Compl. 7 (¶27), ECF No. 1.) Luster contends that the actions of the defendants violated his right to pursue happiness without unwarranted interference from government. (*Id.* at 8-9 (¶39).)

The school official defendants seek dismissal of Luster's claims on Rule 12(b)(6) and qualified immunity grounds, arguing that Luster's allegations do not

show a constitutional violation. For the same reasons, the MDCPS officials seek dismissal on Rule 12(b)(1), 12(b)(6), and qualified immunity grounds. Additionally, the MDCPS officials argue that in their official capacities as agents of the state they are entitled to assert the state's Eleventh Amendment immunity.

### A. *Individual Capacity Claims*

"Although constitutionally protected, the rights to family integrity and to be free of conscience-shocking governmental action are not absolute or unqualified." *Morris v. Dearborne*, 181 F.3d 657, 669 (5th Cir. 1999) (citing *Lehr v. Robertson*, 463 U.S. 248, 256 (1983) (holding that the relationship between a parent and child merits constitutional protection in "appropriate cases")). "States can adopt necessary policies to protect the health, safety, and welfare of children." *Id*. (citing *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944) ("the family itself is not beyond regulation in the public interest")). "Where a parent has mistreated a child, the state may intervene to protect the child, including, when necessary, separating the child from the parents or even permanently terminating the parent-child relationship." *Id*. (citing *Stanley*, 405 U.S. at 652, 92 S.Ct. 1208 ("We do not question . . . that neglectful parents may be separated from their children.")

Mississippi has enacted a comprehensive statutory scheme for the protection of children. *See* Miss. Code Ann. § 43-21-101, *et seq*. Under the law, the MDCPS has the duty and authority to investigate reports of abuse by parents or other persons responsible for the child's care and support. Miss. Code Ann. § 43-21-357. The Mississippi Attorney General noted that this statute allows the MDCPS to

interview children in the absence of their parents.

> In order to effectively conduct this investigation, it is usually necessary for the social workers to talk with the child or children who are the subjects of the reports and sometimes with other children who may have witnessed the abuse. There is no requirement that the parents, who are often the suspected abusers, must either consent or be present at these interviews.

Op. Atty Gen., Harper, 1996 WL 88950, at *1 (Miss. A.G. Feb. 9, 1996).

Luster cannot show that any defendant violated his constitutional rights through allegations that demonstrate only that the MDCPS was acting within its statutory authority to investigate a report of child abuse.[1] Furthermore, even if Luster is correct that the manner in which the interview was conducted was contrary to MDCPS or school policy, that fact alone is insufficient as a matter of law to show a constitutional violation. *See Doe v. Univ. of Miss.*, No. 3:16-CV-63-DPJ-FKB, 2018 WL 3570229, at *9 (S.D. Miss. July 24, 2018). Because there is no constitutional violation shown, the defendants are entitled to qualified immunity from Luster's claims in their individual capacities.[2]

---

[1] If Luster alleges that school officials violated his rights by allowing MDCPS to conduct the investigation during school time on school grounds, the Fifth Circuit has found no Fourth Amendment violation when students were called out of class for questioning by police officers. *Milligan v. City of Slidell*, 226 F.3d 652, 656 (5th Cir. 2000).

[2] Qualified immunity is a two-step process. The first step asks whether the defendant violated the plaintiff's constitutional rights. If not, then the defendant is entitled to qualified immunity. The second step, which the Court need not reach here, adds the protection for the defendant that liability attaches only if the right was clearly established. *See Sims v. City of Madisonville*, 894 F.3d 632, 638 (5th Cir. 2018).

Additionally, according to Luster's allegations and argument, neither Commissioner Dickinson nor Superintendent East were personally involved in the incident, and neither had any involvement with Luster until after the interviews took place. Luster alleges and argues only that the interviews were conducted under these supervisory officials' authority. East and Dickinson are entitled to qualified immunity for the additional reason that they had no personal involvement in the actions that give rise to Luster's claims. *See S.O. v. Hinds Cty. Sch. Dist.*, No. 3:17-CV-383-DPJ-KFB, 2018 WL 3300227, at *4 (S.D. Miss. July 3, 2018).

Qualified immunity protects the defendants from Luster's § 1983 claims against them in their individual capacities, and therefore the claims will be dismissed with prejudice. *See TMB Cotropia v. Chapman*, 721 F. App'x 354, 356 (5th Cir. 2018).

*B. Official Capacity Claims*

To the extent that Luster brings § 1983 claims against the defendants in their official capacities, there is no question that the Eleventh Amendment bars lawsuits against the MDCPS and its officers. *Rowan Court Subdivision 2013 Ltd. P'ship v. La. Hous. Corp.*, No. 17-30833, 2018 WL 4191027, at *2 (5th Cir. Aug. 31, 2018). Luster's official capacity claims against Commissioner Dickinson and Investigator Holliday should be dismissed without prejudice for lack of subject-matter jurisdiction. *See Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188-89 (5th Cir. 1986).

In order to state a viable claim against the school district defendants in their

-9-

official capacities, Luster must identify an official policy that was the "moving force" for the violation of his constitutional rights. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 694 (1978). Luster alleges that the school district defendants failed to follow established policies when they allowed Holliday to interview the minor children alone and without parental notice. Luster cannot show that the school district officials acted in accord with an official policy by alleging that Barnett or East violated policy. Further, the Court has found that Barnett's and East's alleged actions did not implicate Luster's constitutional rights. For these reasons, Luster's official capacity claims against the school officials will be dismissed.

**42 U.S.C. § 1985 Claim**

Review of the allegations concerning Luster's claim of conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985 shows that he does not bring such a claim on his own behalf. Luster alleges that the

> Defendants willfully and knowingly deprived A.L. and A.B. of their Fourteenth constitutional rights and privileges when [they] conspired to adopt an 'agreement' that clearly was in violation of Gulfport School Board Policy and Procedures, MS Department of Child Protective Services Policy, Procedures and Protocol, 18 U.S.C. 241, and 4th and 14th amendment rights that are protected by the U.S. Constitution and reaffirmed by Mississippi Constitution.

(Compl. 10 (¶48), ECF No. 1).

Class-based discriminatory animus is required to assert a claim under § 1985(3) regarding a private conspiracy to deprive Luster of protected rights. *See Turner v. Brown*, 2007 WL 1295787, at * 2 (S.D.Miss. May 1, 2007). Although it is possible to read the Complaint's references to A.L. and A.B.'s status as "minor

females" to allege gender discrimination as the basis for their § 1985 claim, Luster makes no allegation that he was subjected to class-based discrimination. Furthermore, Section 1985 does not create any substantive rights and requires a separate violation of Luster's constitutional rights to support a conspiracy claim. *Griffin v. Am. Zurich Ins. Co.*, 697 F. App'x 793, 796 (5th Cir. 2017), as revised (June 8, 2017). As Luster failed to plead any violation of his substantive rights, he has also failed to plead a conspiracy to violate those rights. This claim will be dismissed.

**Title 18 U.S.C. §§ 241 and 242 Claims**

Luster seeks recovery under 18 U.S.C. §§ 241 and 242. Section 241 provides penalties for either preventing or entering into a conspiracy to prevent other persons from exercising certain federally protected rights. Section 242 provides penalties for depriving persons of rights under color of law. Both of these provisions are criminal statutes that do not provide a basis for civil liability. *Gill v. State of Texas*, 153 F. App'x 261, 262 (5th Cir. 2005). As private citizens, Luster, A.L. and A.B. have no standing to enforce a criminal statute. *Id.* The claims brought pursuant to Sections 241 and 242 are therefore legally frivolous and will be dismissed with prejudice. *Id.* at 263.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [22] Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim, filed by Jess Dickinson, is **GRANTED**. Plaintiff Luster's claims pursuant to 42 U.S.C. § 1983 against Dickinson are **DISMISSED with prejudice** in his individual

capacity and **DISMISSED without prejudice** in his official capacity. Plaintiff Luster's claims pursuant to 42 U.S.C. § 1985 and 18 U.S.C. §§ 241 and 242 against Dickinson are **DISMISSED with prejudice**. The claims of minor children A.L. and A.B. against Dickinson are **DISMISSED without prejudice**, except the claims pursuant to 18 U.S.C. §§ 241 and 242, which are **DISMISSED with prejudice as frivolous**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [24] Motion to Dismiss filed by John Barnett and Glen East is **GRANTED**. Plaintiff Luster's claims against Barnett and East are **DISMISSED with prejudice**. The claims of minor children A.L. and A.B. against Barnett and East are **DISMISSED without prejudice**, except the claims pursuant to 18 U.S.C. §§ 241 and 242, which are **DISMISSED with prejudice as frivolous**.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [34] Motion for Summary Judgment filed by Anthony Holliday is **GRANTED**. Plaintiff Luster's claims against Anthony Holliday are **DISMISSED with prejudice** in his individual capacity and **DISMISSED without prejudice** in his official capacity. Plaintiff Luster's claims pursuant to 42 U.S.C. § 1985 and 18 U.S.C. §§ 241 and 242 against Holliday are **DISMISSED with prejudice**. The claims of minor children A.L. and A.B. against Holliday are **DISMISSED without prejudice**, except the claims pursuant to 18 U.S.C. §§ 241 and 242, which are **DISMISSED with prejudice as frivolous**.

**SO ORDERED AND ADJUDGED** this the 25th day of September, 2018.

            *s/ Louis Guirola, Jr.*
            LOUIS GUIROLA, JR.
            UNITED STATES DISTRICT JUDGE